IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLEG CORETCHI, ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | No. 3:23-CV-2005-B-BH |
| ) | |
| USCIS, DHS/ICE, and WARDEN, ) | |
| PRAIRIELAND DETENTION FAC., ) | |
|     Respondents. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on September 6, 2023 (doc. 3), should be **DISMISSED**.

### I.    BACKGROUND

Oleg Coretchi (Petitioner), an alien detained in the Prairieland Detention Center (PDC) in Alvarado, Texas, claimed that his prolonged period of detention by United States Immigration and Customs Enforcement (ICE), and his pending removal despite declining health and pending motions in the immigration court violated the due process clause of the Fifth Amendment. (*See* doc. 3 at 5.) He sought "release pending motion to reopen with BIA [Board of Immigration Appeals,]" and an "order seeking stay of removal and immediate release." (*Id.* at 7.) The respondents are the United States Citizenship and Immigration Services (USCIS), the United States Department of Homeland Security (DHS)/ICE, and the Warden of PDC. (*See id.* at 1.)

On September 29, 2023, Respondents filed their response seeking dismissal of the petition as moot based on Petitioner's removal from the United States. (*See* doc. 6.) The response includes

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions, and recommendation.

supporting documents showing that Petitioner was removed from the country on September 6, 2023. (*See id.* at 3.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Following the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), "final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020); *see also Amiri v. Garland*, 854 F. App'x 598, 599 (5th Cir. 2021) (quoting 8 U.S.C. § 1252(a)(5)). Further, under § 1252(g), a district court lacks jurisdiction to stay an order of removal.[2] *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003).

Although Petitioner characterized his claim as a denial of due process, he challenged his removal on the basis of his declining health and pending motions in the immigration court, and he

---

[2] Section 1252(g) of Title 8 provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

2

sought a stay of removal. (*See* doc. 3 at 5, 7.) Accordingly, to the extent Petitioner attempts to collaterally attack his final order of removal and seeks a stay of removal in this § 2241 action, his claim should be dismissed for lack of jurisdiction.

### III.    MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Petitioner claimed that his prolonged detention violated the due process clause of the Fifth Amendment. (*See* doc. 3 at 5.) In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner challenged the lawfulness of his continued detention and sought release from custody. (*See* doc. 3 at 7.)

Because Respondents' evidence shows that Petitioner is no longer detained and has been removed from the United States, his claim challenging his prolonged detention is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention

awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). The claim should therefore be dismissed as moot.

## IV.   RECOMMENDATION

The *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on September 6, 2023 (doc. 3), should be **DISMISSED**. Any claims challenging Petitioner's order of removal should be **DISMISSED** without prejudice for lack of jurisdiction, and any claims challenging his prolonged detention should be **DISMISSED** without prejudice as moot.

**SIGNED this 3rd day of October, 2023.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE